# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WINIARZ,<br><br>                        Petitioner,<br>     v.<br><br>UNKNOWN,<br><br>                        Respondent. | Civil No.   10-1878 WQH (NLS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a document which this Court construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and paid the $5.00 filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden *currently* in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California

Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner fails to set forth any specific claims. Rather, he has submitted only a copy of a "Notice of Parole Revocation Rights and Acknowledgments" form, with handwritten notations in the margins. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. <u>See</u> 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a

petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state court." <u>Id.</u> (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The Court also notes that the statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of

1  limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167,
2  181-82 (2001).

### FAILURE TO USE PROPER FORM

4  Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with
5  the Local Rules of the United States District Court for the Southern District of California. <u>See</u>
6  Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be
7  submitted upon a court-approved form and in accordance with the instructions approved by the
8  Court. Here, Petitioner failed to submit his application for writ of habeas corpus on an approved
9  form.

### CONCLUSION

11  Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to
12  amend due to Petitioner's failure to (1) name a proper respondent, (2) state a cognizable claim,
13  and (3) use a proper form. To have this case reopened, Petitioner must file a First Amended
14  Petition **no later than November 9, 2010** in conformance with this Order. *For Petitioner's*
15  *convenience, the Clerk of Court shall attach to this Order a blank First Amended Petition form.*

16  **IT IS SO ORDERED.**

18  DATED: September 13, 2010

19  **WILLIAM Q. HAYES**
United States District Judge