# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WINIARZ,<br><br>                              Petitioner,<br><br>        v.<br><br>SHERIFF B. BROOKS, et al.,<br><br>                             Respondents. | Civil No.   10cv1878-WQH (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND** |

On September 7, 2010, Petitioner, proceeding pro se, submitted a document which this Court construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On September 13, 2010, the Court dismissed the Petition because Petitioner had failed to name a proper respondent, failed to set forth any claims, and failed to use a court-approved form. Petitioner was instructed that if he wished to proceed with this action, he was required to file a First Amended Petition curing these pleading defects on or before November 9, 2010.

Petitioner has now filed a First Amended Petition. The First Amended Petition is subject to dismissal, however, because Petitioner indicates that he has not exhausted state court remedies with respect to any claim presented.

Petitioner was notified in the Court's September 13, 2010 Order of dismissal that he must exhaust state judicial remedies before bringing his claims via federal habeas. He was informed that state prisoners who wish to challenge their state court conviction or confinement must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129,

133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. See 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Id. (emphasis added).

In the First Amended Petition, Petitioner indicates that he has not presented any of his claims to the California Supreme Court. (See First Amended Petition at pp. 6, 21 & 28.) The Court must dismiss petitions which contain only unexhausted claims. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the petition for failure to exhaust), citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (holding that court must dismiss petition containing no exhausted claims).

## CONCLUSION

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to exhaust state court remedies. The dismissal is without further leave to amend in this action. If Petitioner wishes to proceed with his claims on federal habeas, he must file a new federal habeas petition, which will be assigned a new civil case number, after he has exhausted his state court remedies.

**IT IS SO ORDERED.**

DATED: October 27, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge